**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.** | |
| **Plaintiff,** | **CIVIL ACTION NO. 6:14-cv-751** |
| **v.** | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | |
| **Defendant.** | |

**CORE WIRELESS LICENSING S.A.R.L.'S RESPONSE TO APPLE'S MOTION TO DISMISS CORE WIRELESS LICENSING S.A.R.L.'S COMPLAINT**

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ........................................ 1

II. STATEMENT OF FACTS ........................................ 1

III. LEGAL STANDARDS ........................................ 2

A. Standard of Review for Motions to Dismiss ........................................ 2

B. Notice Pleading Standards Apply to All Pending Claims. ........................................ 2

1. General Pleading Standards. ........................................ 2

2. Direct Infringement. ........................................ 3

3. Indirect Infringement. ........................................ 4

IV. ARGUMENT ........................................ 5

A. Core Wireless Sufficiently Pleaded Its Infringement Claims. ........................................ 5

1. Core Wireless Sufficiently Pleaded Direct Infringement. ........................................ 5

2. Core Wireless Sufficiently Pleaded Indirect Infringement. ........................................ 8

V. CONCLUSION ........................................ 13

# TABLE OF AUTHORITIES

**Page No.**

**CASES**

*Achates Reference Publ'g, Inc. v. Symantec Corp.*,
No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10, 2013)........ 5, 12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........ 3, 4, 6

*Atwater Partners of Tex. LLC v. AT&T, Inc.*,
No. 2:10-cv-175, 2011 U.S. Dist. LEXIS 28101 (E.D. Tex. Mar. 18, 2011)........ 9

*Baker v. Puntal*,
75 F.3d 190 (5th Cir. 1996)........ 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........ passim

*Cardsoft, LLC v. The Gores Gp., LLC*,
No. 2:12-cv-325-JRG-RSP, 2013 U.S. Dist. LEXIS 142493 (E.D. Tex. Sep. 19, 2013)........ 9, 10

*Core Wireless Licensing S.a.r.l. v. Apple Inc.*,
No. 6:12-cv-100-LED........ 8

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005)........ 5

*In re Bill of Lading Transmission and Processing Sys. Pat. Lit.*,
681 F.3d 1323 (Fed. Cir. 2012)........ passim

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045 (5th Cir. 1982)........ 2

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013)........ 3, 4, 7

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993)........ 6

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
No. 2:11-cv-319-JRG, 2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sep. 11, 2012)........ passim

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)....... 13

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)....... 4, 6

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
420 F.3d 1369 (Fed. Cir. 2005)....... 5

*Mobile Telecommns. Techs., LLC v. Amazon.com, Inc.*,
No. 2:13-cv-883-JRG-RSP, 2014 U.S. Dist. LEXIS 138786 (E.D. Tex. Aug. 26, 2014)....... 4, 5, 11

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
No. 11-cv-229, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. Jul. 27, 2012)....... 14

*Realtime Data, LLC v. Morgan Stanley*,
721 F.Supp.2d 538 (E.D. Tex. 2010)....... 12

*SecureNova, LLC v. LG Elecs. U.S.A., Inc.*,
No. 2:13-cv-905-JRG-RSP, 2014 U.S. Dist. LEXIS 139514 (E.D. Tex. Sep. 19, 2014)....... passim

*Skinner v. Switzer*,
131 S. Ct. 1289 (2011)....... 2

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
700 F.3d 1287 (Fed. Cir. 2012)....... 11, 13

*Tierra Intelectual Boriquen, Inc. v. ASUS Computer International, Inc.*,
No. 13-cv-38-JRG, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014)....... 11

*U.S. Ethernet Innovations LLC, v. Cirrus Logic, Inc.*,
No. 12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013)....... 11, 13, 14

*Westerngeco LLC v. Ion Geophysical Corp.*,
No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 91326 (S.D. Tex. Aug. 16, 2011)....... 2

*Xtria, LLC v. Tracking Sys., Inc.*,
No. 3:07-CV-0160-D, 2007 U.S. Dist. LEXIS 44964 (N.D. Tex. June 21, 2007)....... 2

**STATUTES**

35 U.S.C. § 271(b) .......... 4

35 U.S.C. § 271(c) .......... 5

**RULES**

Fed. R. Civ. P. 12(b)(6) .......... 2

Fed. R. Civ. P. 8(a)(2) .......... 2

Fed. R. Civ. P. 84 .......... 3, 6

## I. INTRODUCTION

Apple seeks the dismissal of each infringement claim in Core Wireless's Complaint, but fails in each instance to meet the high bar necessary to warrant dismissal of any claim. In arguing its position, Apple consistently ignores pleaded facts that it does not like; these facts, taken as true (as they must), establish the plausibility of each claim. Core Wireless sufficiently pleaded its patent infringement claims under the notice pleading standard of Rule 8, as interpreted by *Iqbal* and *Twombly*. Apple's Motion is surprising in that it ignores the patent-specific guidance provided by the Federal Circuit and this District concerning pleading standards. Indeed, as to Core Wireless's direct infringement claims, the Complaint exceeds the exemplar provided in Form 18, which is deemed sufficient as a matter of law. Core Wireless's indirect infringement claims meet notice pleading standards by alleging sufficient facts—in the absence of any discovery in this case—to state plausible claims, consistent with relevant precedent.

Core Wireless respectfully requests that the Court deny Apple's Motion and require that Apple move forward consistent with the schedule set forth in the Court's Scheduling Order.

## II. STATEMENT OF FACTS

The causes of action in this matter relate to Apple's infringement of six patents owned by Plaintiff Core Wireless: United States Patent Nos. 8,713,476; 8,498,671; 8,434,020; 7,693,552; 7,072,667; and 5,907,823 ("asserted patents").[1] On September 10, 2014, Core Wireless filed a Complaint against Apple alleging in Counts 1-6 both direct and indirect infringement of the asserted patents.[2]

---

[1] Complaint (Doc. 1) ¶¶ 7-12.
[2] *Id.* ¶¶ 13-68.

## III. LEGAL STANDARDS

### A. Standard of Review for Motions to Dismiss

In the Fifth Circuit, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."[3] Likewise, the Fifth Circuit has stated "[d]ismissal of a claim on the basis of barebones pleading is a precarious disposition with a high mortality rate."[4] Thus, a Rule 12(b)(6) motion to dismiss is defeated if a plaintiff pleads "enough facts to state a claim to relief that is plausible on its face" pursuant to applicable pleading standards.[5]

In reviewing a motion to dismiss, the "[C]ourt must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[6] A claim will survive a Rule 12(b)(6) attack if it "may be supported by showing any set of facts consistent with the allegations in the complaint."[7]

### B. Notice Pleading Standards Apply to All Pending Claims.

#### 1. General Pleading Standards.

Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] A complaint need not set forth detailed factual allegations, e.g., "specific facts"[9], but must be set forth by more than

---

3 *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted); *see also Westerngeco LLC v. Ion Geophysical Corp.*, No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 91326, at *11 (S.D. Tex. Aug. 16, 2011), cited by Apple.

4 *Kaiser Aluminum*, 677 F.2d at 1050 (internal punctuation and citation omitted); *see also Xtria, LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160-D, 2007 U.S. Dist. LEXIS 44964, at *3 (N.D. Tex. June 21, 2007), cited by Apple.

5 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6 *Baker v. Puntal*, 75 F.3d 190, 196 (5th Cir. 1996).

7 *Twombly*, 550 U.S. at 563.

8 *See also In re Bill of Lading Transmission and Processing Sys. Pat. Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012), citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

9 Apple's focus on the phrase "specific facts" in its Motion is an improper contortion of the Supreme Court's set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly* pleading standards. Indeed, the *Iqbal* decision does not use that phrase at all, and the *Twombly* decision uses the phrase "specific facts"

(Continued...)

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[10] Determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11] A claim should be considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] Federal Rule of Civil Procedure 84 states that "the forms in the Appendix suffice under these rules..."[13] The Rule and Advisory Committee Notes "make clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked."[14] Thus, any pleading consistent with a Form appended to the Federal Rules is deemed sufficient.[15]

**2. Direct Infringement.**

Form 18 of the Appendix is a sample complaint for direct patent infringement. The Federal Circuit's 2012 decision in *In re Bill of Lading Transmission and Processing System Patent Litigation* confirmed that the notice pleading standard for a claim for direct patent infringement is satisfied when it is consistent with Form 18.[16] Form 18 recites: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant

---

(...Continued)
only to describe an improper "heightened pleading requirement." *Twombly*, 550 U.S. at 570. Moreover, the Supreme Court has also stated "[s]pecific facts are not necessary" pursuant to *Twombly*. *In re Bill of Lading*, 681 F.3d at 1332, quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).

[10] *Twombly*, 550 U.S. at 555.

[11] *Iqbal*, 556 U.S. at 679; *see also In re Bill of Lading*, 681 F.3d at 1337; *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-cv-319-JRG, 2012 U.S. Dist. LEXIS 129979, at *6 (E.D. Tex. Sep. 11, 2012).

[12] *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570.

[13] Fed. R. Civ. P. 84.

[14] *In re Bill of Lading*, 681 F.3d at 1334 (internal punctuation and citation omitted).

[15] Fed. R. Civ. P. 84; *In re Bill of Lading*, 681 F.3d at 1334; *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

[16] *In re Bill of Lading*, 681 F.3d at 1334; *see id.* ("Thus, whether [plaintiff's] amended complaints adequately plead direct infringement is to be measured by the specificity required by Form 18.").

has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.[17] "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility."[18] A direct infringement assertion that is consistent with Form 18 satisfies federal notice pleading requirements under *Iqbal* and *Twombly*.[19]

**3. Indirect Infringement.**

The Forms do not recite indirect infringement claims, and thus the sufficiency of such claims is assessed under Rule 8. The inquiry is context-specific.[20] A claim for induced infringement requires adequately pleading (1) an "act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement."[21] A claim for contributory infringement requires adequately pleading, "(1) an act of direct infringement, (2) that the defendant 'knew that the combination for which its components were especially made was both patented and infringing,' and (3) that the components have 'no substantial non-infringing uses.'"[22] Apple misstates the standard for pleading contributory infringement in its motion by suggesting that Core Wireless had to plead

---

17 *In re Bill of Lading*, 681 F.3d at 1334 (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)); *see also SecureNova, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:13-cv-905-JRG-RSP, 2014 U.S. Dist. LEXIS 139514, at *2 (E.D. Tex. Sep. 19, 2014).

18 *K-Tech*, 714 F.3d at 1286.

19 *See In re Bill of Lading*, 681 F.3d at 1334; *K-Tech*, 714 F.3d at 1286 (analyzing Form 18 and reversing dismissal of plaintiff's direct infringement claims).

20 *In re Bill of Lading*, 681 F.3d at 1337.

21 35 U.S.C. § 271(b); *Mobile Telecomms. Techs., LLC v. Amazon.com, Inc.*, No. 2:13-cv-883-JRG-RSP, 2014 U.S. Dist. LEXIS 138786, at *2-3 (E.D. Tex. Aug. 26, 2014) (finding plaintiff sufficiently pleaded induced infringement claims), citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *see also In re Bill of Lading*, 681 F.3d at 1339.

22 35 U.S.C. § 271(c); *Mobile Telecomms.*, 2014 U.S. Dist. LEXIS 138786, at *5 (denying motion to dismiss contributory infringement claims) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

that "Apple had ***pre-suit knowledge*** of the asserted patent."[23] A sufficiently pleaded contributory infringement claim need not allege pre-suit knowledge of the patent.[24] Further, a court must draw all reasonable inferences in favor of the non-moving party and cannot choose among competing inferences if sufficient facts are alleged to render the non-movant's inferences plausible.[25] A plaintiff need not prove indirect infringement at the pleading stage.[26]

## IV. ARGUMENT

### A. Core Wireless Sufficiently Pleaded Its Infringement Claims.

To succeed in its effort to dismiss the infringement counts, Apple must establish that each infringement allegation is facially implausible. Apple cannot. As to direct infringement, the Complaint goes beyond the Form 18 exemplar, which is deemed compliant as a matter of law. The Complaint also includes allegations which, taken as true, establish elements of the indirect infringement claims. Indeed, Apple's suggestion that the Court may wish to defer ruling subject to the tender of Core Wireless's Local Patent Rule 3-1 disclosures concedes that the Complaint is sufficient because the detail requested in Apple's Motion is not required in the initial pleadings, but in accordance with the heightened disclosure requirements of the local rules.[27] Apple's Motion reveals its true aim — to delay the case and put off its discovery obligations — and Apple's Motion should be denied.

#### 1. Core Wireless Sufficiently Pleaded Direct Infringement.

---

[23] *See* Doc. 14 at 10.

[24] *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *7-8 (E.D. Tex. Jan. 10, 2013) (finding, "there is no requirement").

[25] *In re Bill of Lading*, 681 F.3d at 1340.

[26] *Id.* at 1339, citing *Twombly*, 550 U.S. at 556 (noting "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."); *see also SecureNova*, 2014 U.S. Dist. LEXIS 139514, at *3-4 (confirming that plaintiff need not prove its case at the pleading stage).

[27] Doc. 14 at 1, 12-13.

While Apple's Motion refers to and relies upon pleading standards set forth by the Supreme Court in its *Twombly* and *Iqbal* decisions, it fails to discuss proper application of those standards in the context of patent infringement. For example, Apple ignores the *In re Bill of Lading* decision and its progeny, which provide controlling Federal Circuit guidance concerning pleading standards for direct infringement.[28] In short, the Federal Rules of Civil Procedure Forms are considered legally sufficient to meet pleading requirements. Thus, Core Wireless's Complaint met the applicable standard by meeting the disclosures found in Form 18.[29]

Core Wireless's Complaint exceeds the Form 18 exemplar, and includes: allegations of jurisdiction[30]; Core Wireless's ownership of the asserted patents[31]; Apple's infringement by "making, using, selling and offering to sell… and importing… Apple's iPhone and iPad products," and the Complaint even identifies Apple's particular infringing Accused Products.[32] Core Wireless complied with Form 18's notice requirement when Core Wireless served its Complaint on Apple, which provided Apple with notice of its infringement of the asserted

---

[28] *In re Bill of Lading*, 681 F.3d at 1335. While Apple relies solely on pre-*In re Bill of Lading* decisions in support of its Motion to dismiss Core Wireless's direct infringement claims, (*see, e.g.*, Doc. 14 at 4-6), those decisions are no longer controlling law on this issue. To the extent Apple contends that the tide is turning toward applying the *Twombly* and *Iqbal* standards to pleading even direct infringement, per the Supreme Court, "any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *In re Bill of Lading*, 681 F.3d at 1334 (internal punctuation omitted), quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), and citing *Twombly*, 550 U.S. at 569 n.14. Rule 84 and Form 18 are controlling.

[29] *In re Bill of Lading*, 681 F.3d at 1335 (citing *McZeal*, 501 F.3d at 1357 ("Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.")).

[30] Doc. 1 ¶¶ 3-5. *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *8 ("[Plaintiff] meets the first two requirements of Form 18 by stating an allegation of jurisdiction and by claiming ownership of the patent.") (internal citations omitted).

[31] Doc. 1 ¶¶ 7-12. *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *8.

[32] Doc. 1 ¶¶ 13-14. *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *8-9. Notably, the Complaint exceeds Form 18's requirements by identifying Apple's particular products accused of infringement. *See K-Tech*,

(Continued...)

patents.[33]  Finally, the Complaint includes a Prayer for Relief requesting damages and other appropriate relief.[34]  Nothing more is required.

Nonetheless, Apple invites this Court to hold Core Wireless to heightened pleading and proof requirements.  Apple asserts that "Core Wireless does not allege that its patents relate to any particular features of Apple's products, including, at even the most basic level, whether Core Wireless is accusing Apple's software or hardware of infringement."[35]  However, that level of detail is unnecessary at the pleading stage, and the Court should reject Apple's invitation.  Apple's further assertion that it cannot understand what is accused of infringement and thus cannot adequately investigate and respond to the claims again seeks to impose more than is required.[36]  Indeed, the Court's Local Patent Rules appreciate that the pleadings will not provide such detail, and impose separate deadlines for doing so (as Apple concedes in its Motion).

In fact, Apple's past actions seem to confirm that its present request for more detail is simply a delay tactic.  Even when served with a 200-page second amended complaint with detailed factual allegations in *Core Wireless I*, Apple provided the same boilerplate responses: "Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in [corresponding paragraph number], and therefore denies the same."[37]  Over five

---

(...Continued)
714 F.3d at 1286 ("We do not read Form 18 – or [*In re Bill of Lading*] – to require that a plaintiff identify an accused device by name.").

[33] *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *9 ("Additionally, [plaintiff] further complies with Form 18 because [defendant] received notice of its alleged infringement when [plaintiff] served them with the lawsuit.").

[34] Doc. 1 at 17-19.  *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *9 ("Finally, [plaintiff] meets the final requirement of Form 18 by demanding relief.").

[35] Doc. 14 at 5.

[36] *Id.*

[37] *See, e.g.*, *Core Wireless Licensing S.a.r.l. v. Apple Inc.* ("*Core Wireless I*"), No. 6:12-cv-100-LED, Doc. 18 ¶¶ 25-143; 153-257; 267-362; 372-574; 584-783; 793-876; 886-997; 1007-1090; 1100-1235; 1245-1356; 1366-1421; 1431-1542; 1552-1647 *and* Doc. 31 (Apple's Answer to Second Am. Complaint).

months later in *Core Wireless I*, Apple provided identical responses when answering allegations in Core Wireless's third amended complaint.[38] Whether Core Wireless provides notice and allegations consistent with Form 18, or far exceeds Form 18's requirements by providing in-depth factual allegations, Apple's response is not likely to differ: Apple willfeign ignorance and deny any allegation. Thus, there is no credibility to Apple's alleged lack of notice or understanding or ability to proceed in this matter.

Because the recited direct infringement counts comply with the requirements of Form 18 and adequately puts Apple on notice of Core Wireless's direct infringement claims, the court should deny Apple's Motion to dismiss on this ground.

**2. Core Wireless Sufficiently Pleaded Indirect Infringement.**

**a. Core Wireless Sufficiently Pleaded Induced Infringement.**

Apple again improperly invites the Court to hold Core Wireless to proving its indirect infringement claims at the pleading stage, contrary to the precedent of the Federal Circuit and this Court. Core Wireless need not prove its case at the pleading stage.[39] Core Wireless need not even plead facts to make its claims probable.[40] The standard that Core Wireless must meet (and which it has exceeded), is to plead sufficient factual allegations that, when taken as true, render its induced infringement claims plausible.[41]

For induced infringement, the Complaint identifies direct infringement of the asserted patents by Apple and others: "[d]irect infringement is the result of activities performed by third

---

[38] *See Core Wireless I*, Doc. 67 (Apple's Answer to Third Am. Complaint).
[39] *In re Bill of Lading*, 681 F.3d at 1339; *SecureNova*, 2014 U.S. Dist. LEXIS 139514, at *3-4.
[40] *In re Bill of Lading*, 681 F.3d at 1341.
[41] *Id.* at 1340 ("Nothing in *Twombly* or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible."); *see also* Doc. 14 at 2.

parties in relation to Apple's Accused Products, including without limitation ***use of Apple's Accused Products***."[42] Apple does not dispute that a third-party direct infringer exists, but only that Core Wireless has not identified "a single specific third party."[43] However, Core Wireless need not "identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."[44] It is clear from the pleadings that many such direct infringers exist – they are Apple's customers. Further, the Complaint includes factual allegations about Apple's specific intent to induce infringement by others.[45] Core Wireless has alleged that Apple provides "instructive materials and information concerning operation and use of Apple's Accused Products… in their normal and customary way" to induce others to infringe the asserted patents by using Apple's Accused Products.[46]

Core Wireless recites facts concerning Apple's intent, which support an induced infringement claim.[47] Indeed, this Court has found that factual statements about a defendant's

---

[42] *See, e.g.*, Doc. 1 ¶¶ 17, 26, 35, 44, 53, 62 (emphasis added).
[43] Doc. 14 at 7.
[44] *See, e.g.*, *Cardsoft, LLC v. The Gores Gp., LLC*, No. 2:12-cv-325-JRG-RSP, 2013 U.S. Dist. LEXIS 142493, at *7-8 (E.D. Tex. Sep. 19, 2013) (finding that "[t]he Complaint sufficiently pleads direct infringement and plausibly states a claim regarding the inducement of at least one customer in the Eastern District of Texas.") (citing *In re Bill of Lading*, 681 F.3d at 1336 ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more.")); *see also Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *10 ("Here, Lone Star generically identifies direct infringers as the 'end users in the Eastern District of Texas.'" As this Court has previously held, this is sufficient to survive a Motion to Dismiss."); *Atwater Partners of Tex. LLC v. AT&T, Inc.*, No. 2:10-cv-175, 2011 U.S. Dist. LEXIS 28101, at *8-9 (E.D. Tex. Mar. 18, 2011).
[45] *See, e.g.*, Doc. 1 ¶¶ 18, 27, 36, 45, 54, 63. Though Apple claims Core Wireless used the wrong *mens rea* standard for induced infringement (Doc. 14 at 8), as shown by the Complaint quote Apple cites, Core Wireless properly alleged that: "… ***Apple knew*** or should have known that those acts would induce actual infringement of one or more of the [asserted] patent's claims by third parties." *See* Doc. 1 ¶¶ 18, 27, 36, 45, 54, 63; Doc. 14 at 8 (emphasis added).
[46] Doc. 1 ¶¶ 18, 27, 36, 45, 54, and 63.
[47] *See SecureNova, LLC v. LG Elecs. U.S.A. Inc.*, No. 2:13-cv-905-JRG-RSP (E.D. Tex.) Doc. 1, Nov. 1, 2011 Complaint at 6; *SecureNova*, 2014 U.S. Dist. LEXIS 139514, at *3-4 (accepting as

(Continued...)

instructions to third parties for use of accused products may plausibly support an induced infringement claim.[48] None of the decisions Apple relies upon support a different outcome in this case, and each is factually distinguishable. In *Superior Indus., LLC v. Thor Global Enters. Ltd.*[49] the Federal Circuit agreed that the operative pleading was deficient because it contained only the following indirect infringement allegation:

> "[Defendant] has been and is directly infringing, actively inducing others to infringe and/or contributing to the infringement of one or more claims of the [asserted patents] by its unauthorized making, using, offering to sell, selling and/or importing [the accused product] in and/or to the United States."[50]

Similarly, in *U.S. Ethernet Innovations LLC, v. Cirrus Logic, Inc.*,[51] the plaintiff failed to "recite the elements of an inducement claim; and [] allege any facts that, if taken as true, establish a plausible inference that [defendant] had the specific intent to induce its customers actions, and

---

(...Continued)
facially plausible plaintiff's allegations of induced infringement where plaintiff's complaint alleged:

> LG has indirectly infringed and continues to indirectly infringe at least one claim of the '482 Patent by actively inducing their respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or import devices, such as the LG Optimus Regard. LG engaged or will have engaged in such inducement having knowledge of the '482 Patent. Furthermore, LG knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, LG sells, offers to sell and advertises devices, such as the LG Optimus Regard, in Texas specifically intending that its customers buy and use said devices. Furthermore, the LG Optimus Regard ***includes a User Manual that instructs, among others, its customers, users, and licensees to perform the computer implemented method disclosed in the '482 Patent***. Defendants' customers, users, and/or licensees perform said method when they use the LG Optimus Regard.) (emphasis added).

*See also Cardsoft*, 2013 U.S. Dist. LEXIS 142493 (denying defendant's motion to dismiss induced infringement claims).

[48] *E.g.*, *Mobile Telecomms.*, 2014 U.S. Dist. LEXIS 138786, at *4; *SecureNova*, 2014 U.S. Dist. LEXIS 139514, at *3-4.

[49] *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012). *See also* Doc. 14 at 9.

[50] *Superior*, 700 F.3d at 1290-91; *Superior Indus., LLC v. Thor Global Enters. Ltd.*, No. 10-cv-2524-MJD-LIB (D. Minn.), Doc. 33, Mar. 14, 2011 Am. Complaint at 4-5.

[51] No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013).

knowledge that those actions amounted to infringement."[52] Here, the Complaint sets forth far more detailed factual allegations.[53]

The decision in *Tierra Intelectual Boriquen, Inc. v. ASUS Computer International, Inc.*[54] is inapposite because Apple is a direct retail seller of the Accused Products. In *Tierra*, defendant OfficeMax secured dismissal of the induced infringement claims only because OfficeMax was characterized as a "classic neutral reseller" rather than as a direct retail seller.[55] Indeed, Apple is more akin to another *Tierra* defendant and direct retail seller, ASUS Computer, which was not dismissed, including because it "may be liable for induced infringement, since it prepared the TF700 User Guide and packaged it with the TF700 tablet."[56]

In *Realtime Data, LLC v. Morgan Stanley*,[57] which was decided before the Federal Circuit's *In re Bill of Lading* decision, this Court found indirect infringement claims deficient where the complaint did not "put Defendants on notice of ***direct infringement***" and failed to identify who committed the underlying act of infringement.[58] But Core Wireless properly alleged direct infringement and identified multiple direct infringers, as discussed above. The Complaint also pleads sufficient facts concerning the other elements of induced infringement. Accordingly, the Court should deny Apple's Motion to dismiss Core Wireless's induced infringement claims.

**b. Core Wireless Sufficiently Pleaded Contributory Infringement.**

---

52 *U.S. Ethernet*, 2013 U.S. Dist. LEXIS 187806, at *11. Magistrate Judge Love's Report and Recommendation was accepted and ordered by the Court on March 6, 2013. *See id.*, Doc. 70.
53 Doc. 14 at 3.
54 No. 13-cv-38-JRG, 2014 U.S. Dist. LEXIS 28249 (E.D. Tex. Mar. 3, 2014).
55 *Tierra*, 2014 U.S. Dist. LEXIS 28249, at *19.
56 *Id.* at *18.
57 721 F.Supp.2d 538 (E.D. Tex. 2010).
58 *Realtime Data*, 721 F. Supp. 2d at 544 (emphasis added).

Core Wireless's Complaint satisfies contributory infringement pleading requirements. Core Wireless pleaded that the asserted patents are at least infringed by third-party direct infringers using Apple's Accused Products.[59] As explained above, Core Wireless identified direct infringers – "third parties, including without limitation manufacturers, resellers, and/or end users of Apple's Accused Products, in this District, and elsewhere in the United States."[60] Moreover, Core Wireless's filing of the Complaint suffices to establish Apple's requisite knowledge.[61]

Core Wireless also sufficiently alleged that Apple's Accused Products have no substantial non-infringing uses.[62] Indeed, the Complaint states adequate facts to infer that the infringing components and/or functionalities in Apple's Accused Products have no use other than to infringe the asserted patents.[63] The asserted patents disclose various aspects and functionalities of mobile communications devices which Apple sells at least to third-party direct infringers (i.e. Apple's customers).[64] The nature of the asserted patents is such that they are infringed by third-party direct infringers using Apple's Accused Products as those products are

---

[59] *See* Doc. 1 ¶¶ 19, 28, 37, 46, 55, 64.

[60] Doc No. 1 ¶¶ 19, 28, 37, 46, 55, 64.

[61] *Achates*, 2013 U.S. Dist. LEXIS 27143, at *8 (opining that although plaintiff "will ultimately have to establish that [defendant] had the requisite knowledge of the asserted patents at the time of each act of contributory infringement, [defendant] does not cite any controlling authority suggesting that the Complaint itself is not sufficient to provide knowledge of the asserted patents for alleged acts of contributory infringement occurring during the pendency of the case.").

[62] *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (explaining that software containing numerous features, one of which is suitable only for infringing use, may lack substantial noninfringing uses); *see also id.* at 1320 ("[A]n infringer 'should not be permitted to escape liability as a contributory infringer merely by embedding [the infringing apparatus] in a larger product with some additional, separable feature before importing and selling it.'")

[63] *Achates*, 2013 U.S. Dist. LEXIS 27143, at *8-9; *see also In re Bill of Lading*, 681 F.3d at 1337 (requiring a district court to "analyze the facts plead in the [operative complaint] and all documents attached thereto with reference to the elements of a cause of action").

[64] *See* Docs. 1-2 through 1-7 (asserted patents).

intended to be used.[65]

Apple's cited cases are again distinguishable on their facts.[66] As discussed above, the complaint in *Superior* contained only a ***single sentence*** alleging indirect infringement; it did not address any contributory infringement elements, unlike Core Wireless's Complaint.[67] In *U.S. Ethernet*, the complaint at issue failed to allege that there were no substantial non-infringing uses.[68] Likewise, in *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, the Court found the complaint at issue failed for the same reason.[69] Here, Core Wireless adequately pleaded the lack of substantial non-infringing uses. Accordingly, the Court should deny Apple's Motion to dismiss Core Wireless' contributory infringement claims.[70]

In the alternative, should the Court find any infringement allegation to be insufficient, Core Wireless requests leave to amend.[71]

## V. CONCLUSION

For the foregoing reasons, Apple's Motion to dismiss should be denied in its entirety because Core Wireless has sufficiently pleaded each of its infringement claims pursuant to the applicable pleading standards. To the extent the Court agrees with any of Apple's contentions, Core Wireless respectfully requests leave to amend its Complaint.

---

[65] *See* Doc. 1 ¶¶ 19, 28, 37, 46, 55, 64.

[66] *See* Doc. 14 at 11.

[67] *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, No. 10-cv-2524-MJD-LIB (D. Minn.), Doc. 33, Mar. 14, 2011 Am. Complaint at 4-5.

[68] *U.S. Ethernet*, 2013 U.S. Dist. LEXIS 187806, at *12; *see also* No. 12-cv-366 (E.D. Tex.), Am. Complaint (Doc. 45).

[69] Case No. 11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *20 (E.D. Tex. Jul. 27, 2012).

[70] *See, e.g., Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *11-12 (granting plaintiff leave to re-plead claims of contributory indirect infringement).

[71] Fed. R. Civ. P. 15; *see also U.S. Ethernet,* 2013 U.S. Dist. LEXIS 187806, at *14-15(granting leave to amend complaint to "supplement its allegations of inducement, contributory infringement, and willful infringement."); *Achates*, 2013 U.S. Dist. LEXIS 27143, at *12; *Lone Star*, 2012 U.S. Dist. LEXIS 129979, at *11-12.

Dated: December 5, 2014

Respectfully Submitted,

By: *\/s/ Henry Bunsow*

Henry Bunsow (California State Bar # 60707)
Brian A.E. Smith (California State Bar # 188147)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com

Denise M. De Mory (California State Bar #168076)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
600 Allerton Street, Suite 101
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7259
Email: ddemory@bdiplaw.com
Email: callison@bdiplaw.com

T. John Ward, Jr. (Texas Bar # 00794818)
Wesley Hill (Texas Bar # 24032294)
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

*/s/ Henry C. Bunsow*
Henry C. Bunsow