# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

CORE WIRELESS LICENSING S.A.R.L.,

    Plaintiff,

    v.

APPLE, INC.,

    Defendant.

Civil Action No. 6:14-cv-00751

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
CORE WIRELESS LICENSING S.A.R.L.'S COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Core Wireless Must Plead Sufficient *Facts* To Support Its Claims ............................. 1

    B. Core Wireless's Direct Infringement Claims Are Inadequate. .................................... 2

    C. Core Wireless Has Not Pleaded Facts Supporting Inducement. ................................... 3

    D. Core Wireless Has Failed To Plead Sufficient Facts In Support Of Its Contributory Infringement Claims. ................................................................................................... 4

III. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................1, 2, 4, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................1, 2, 4

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
  424 F.3d 1293 (Fed. Cir. 2005) ................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ........................................................................1, 2, 4

*U.S. Ethernet Innovs., LLC v. Cirrus Logic, Inc.*,
  2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ...........................................................4

I.  INTRODUCTION

In its opposition, Core Wireless attempts to salvage its insufficiently-pled patent infringement claims by arguing that it has no obligation to plead ***facts*** in support of critical claim elements, and that the Court must instead accept Core Wireless's assertion of ***legal conclusions***. Because that argument rests on a pleading standard contrary to Supreme Court and Fifth Circuit precedent, the Complaint should be dismissed in its entirety on this ground alone.

Core Wireless also fails to cure numerous other procedural and substantive problems with its boilerplate infringement allegations. Mirroring its Complaint, Core Wireless's opposition fails to identify ***a single*** Apple feature accused for ***any*** asserted patent—unfairly leaving Apple without even the minimal notice afforded in Form 18. Core Wireless identifies ***no facts*** directed to key elements of its indirect infringement claims, including support for its ***legal conclusions*** that Apple specifically intended to induce others to infringe and that the accused iPhone and iPad products have no substantial non-infringing uses. Finally, Core Wireless confirms that its willfulness claim rests ***solely*** on an assertion that Apple had pre-suit knowledge of the patents-in-suit—thereby requiring dismissal of that claim, which lacks any allegation, let alone facts, supporting the other specific elements of willfulness.

Accordingly, Apple respectfully requests that the Court dismiss Core Wireless's Complaint with prejudice as a matter of law.

II.  ARGUMENT

    **A.  Core Wireless Must Plead Sufficient *Facts* To Support Its Claims.**

Relying on *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1332 (Fed. Cir. 2012), Core Wireless contends that it "need not set forth detailed factual allegations, e.g., specific facts" to support its claims. (Opp'n at 2-3 (internal quotation marks omitted).) But in that decision, the Federal Circuit noted that, under *Iqbal* and *Twombly* (1)

courts "are not required to accept as true legal conclusions or unwarranted factual inferences," (2) a complaint "must plead enough factual matter" to state a "plausible" claim for relief, and (3) "[a] complaint that merely pleads facts that are consistent with a defendant's liability stops short of the line between possibility and plausibility." *In re Bill of Lading*, 681 F.3d at 1332 (internal quotation marks omitted). Indeed, the Supreme Court itself has stated that, to avoid dismissal, a plaintiff must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (holding "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).

Thus, Core Wireless cannot escape dismissal merely by citing allegations that parrot legal elements. Rather, the complaint must include *factual allegations* sufficient to state a valid claim for relief—which its Complaint lacks.

### B. Core Wireless's Direct Infringement Claims Are Inadequate.

Even after Apple explained in its opening brief that Core Wireless's direct infringement allegations fail to give Apple *any notice* of what is accused of infringement (Mot. at 4-6), Core Wireless still fails to offer any clue as to what it is accusing of infringement in this case. Instead, Core Wireless argues that the Court is required to accept Core Wireless's allegations of direct infringement because they supposedly conform with Form 18. (Opp'n at 7 ("Apple's further assertion that it cannot understand what is accused of infringement … seeks to impose more than is required."); *id.* at 12 ("The asserted patents disclose various aspects and functionalities of mobile communication devices which Apple sells at least to third-party direct infringers….").) But Core Wireless is wrong.

The sample complaint in Form 18 involves a patent to a specific invention ("an electric motor") and infringement allegations directed to *the same type of specific product* ("an electric

motor")—giving the defendant sufficient notice of the alleged infringement. Here, by contrast, Core Wireless has asserted six patents directed to various features and/or components—against at least fifteen *entire* iPhone, iPad, and iPod touch models, each of which literally enables thousands of features and has numerous components—without identifying a single allegedly infringing feature or component. Therefore, Core Wireless cannot use Form 18 to justify its insufficiently-plead infringement claim.[1]

### C. Core Wireless Has Not Pleaded Facts Supporting Inducement.

As Apple noted in its opening brief, Core Wireless's inducement allegations fail because they apply the wrong standard and simply list the legal elements of an inducement claim, without factual support. (Mot. at 7-10.) Core Wireless does not dispute that its Complaint misstates the inducement standard, but it contends that its mere parroting of legal elements for inducement suffices to meet the correct standard. (Opp'n at 8-11 & n.45.) It does not.

*First*, for several challenged elements of its inducement claim, Core Wireless merely states, without explanation, that it "plead[ed] sufficient facts." (Opp'n at 11.) Its failure to plead facts in support of these elements—or even to address them in its brief—justifies dismissal of the inducement claims for the reasons set forth in Apple's opening brief. (Mot. at 7-10.)

*Second*, in an attempt to identify factual allegations in its Complaint sufficient to show that Apple specifically intended to induce others to infringe the asserted patents, Core Wireless merely points to its statement that "Apple provides 'instructive materials and information

---

[1] Core Wireless suggests that, as a practical matter, it would have been a waste of time to allege additional facts in its Complaint because Apple would have just denied knowledge of those additional facts in its answer. (Opp'n at 7-8.) But whether Apple has sufficient knowledge to answer certain factual allegations is irrelevant to whether Core Wireless has pled a valid claim. Core Wireless also argues that Apple only filed its motion to delay discovery. (*Id.*) However, it is Core Wireless's boilerplate Complaint, not Apple's motion, that is responsible for any delay. Without proper notice of Core Wireless's claims, Apple cannot, for example, prepare its defenses or search for and collect relevant documents.

- 3 -

concerning operation and use of Apple's Accused Products … in their normal and customary way.'" (Opp'n at 9-10.) However, having failed to identify a single accused feature or component for its inducement claims, Core Wireless cannot meet the specific intent prong based on allegations that Apple provides *generic* "instructive materials and information" about its accused products *as a whole*. *See U.S. Ethernet Innovs., LLC v. Cirrus Logic, Inc.*, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) ("[P]rovid[ing] 'instructions' to its customers who allegedly infringe do[es] not create a reasonable inference of inducement.").

*Finally*, Core Wireless suggests that *In Re Bill of Lading* changed the landscape for pleading an inducement claim. (Opp'n at 11.) It did not. In that decision, the Federal Circuit merely *reaffirmed* that the *Iqbal* and *Twombly* pleading standard applies to inducement claims, and that to survive a motion to dismiss, inducement claims as plead "must contain facts plausibly showing that [the accused inducer] specifically intended their customers to infringe the [asserted patent] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. As noted above, Core Wireless cannot meet that burden here.

### D. Core Wireless Has Failed To Plead Sufficient Facts In Support Of Its Contributory Infringement Claims.

In response to Apple's arguments showing that Core Wireless's conclusory contributory infringement claims lack sufficient factual support (Mot. at 10-11), Core Wireless does not even attempt to argue that it has pled facts plausibly showing that Apple sold its products "knowing the same to be especially made or especially adapted for use in an infringement of [the asserted] patent." (Opp'n at 12-13; *see* Dkt. 1 [Compl.] ¶¶ 21, 30, 39, 48, 57, 66.) On this basis alone, Core Wireless's contributory infringement claims should be dismissed. *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) ("[T]o succeed on a claim of contributory infringement … plaintiff must show that defendant knew that the

combination for which its components were especially made was both patented and infringing.") (internal quotation marks omitted).

Core Wireless also fails to identify *any* facts plausibly showing that the accused features or components have no substantial non-infringing uses, and instead resorts to conclusory assertions that the allegedly infringing products could never be used in a substantial non-infringing manner. (Opp'n at 12.) That is insufficient. *See*, *e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## III. CONCLUSION

For the foregoing reasons and those set forth in its opening brief, Apple respectfully requests that the Court dismiss the Complaint.

Dated: December 16, 2014

> */s/ Joseph J. Mueller*
> Joseph J. Mueller
> (Massachusetts Bar No. 647567)
> WILMER CUTLER PICKERING HALE
>    AND DORR LLP
> 60 State Street
> Boston, MA 02109
> (617) 526-6000
> joseph. mueller@wilmerhale.com
>
> Eric Miller Albritton
> ALBRITTON LAW FIRM
> 111 West Tyler Street
> Longview, TX 75601
> (903) 757-8449
> ema@emafirm.com
>
> *Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated:  December 16, 2014

>*/s/ Joseph J. Mueller*
>Joseph J. Mueller