**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.** | |
| Plaintiff, | **CIVIL ACTION NO. 6:14-cv-751** |
| v. | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | |
| Defendant. | |

**CORE WIRELESS LICENSING S.A.R.L.'S SURREPLY TO APPLE'S MOTION
TO DISMISS CORE WIRELESS LICENSING S.A.R.L.'S COMPLAINT**

I.     INTRODUCTION

Like its Opening Brief, Apple's Reply fails to consider the relevant case law, continues to ignore the facts actually pleaded in Core Wireless's Complaint, and ultimately fails to provide any viable legal or equitable basis for dismissing any of Core Wireless's claims. Indeed, Apple's Reply demonstrates by its omissions why Apple's Motion should be denied. Apple does not address the Federal Circuit's controlling *Bill of Lading* decision concerning pleading requirements for direct patent infringement. Apple further fails to account for the distinction between what is required to ***prove*** indirect or willful infringement claims versus what is required to adequately ***plead*** them.

Contrary to Apple's demand for more specific facts and detailed infringement allegations that identify particular products and recite how specific features practice the claims of the asserted patents, controlling precedent makes clear that Core Wireless's pleadings are legally sufficient. The Complaint recites facts, which taken as true, demonstrate the plausibility of each Count, consistent with the requirements of notice pleading under Rule 8.

II.    **CORE WIRELESS'S INFRINGEMENT CLAIMS SATISFY THE NOTICE PLEADING STANDARD.**

Core Wireless's Complaint must meet only the notice pleading standard of Federal Rule of Civil Procedure 8 for each claim.[1] Indeed, Apple appears to concede in its Reply that pleading "specific facts" is not required for notice pleading.[2] Apple further agrees that to avoid dismissal Core Wireless's Complaint must simply plead enough facts to allow the Court to draw a

---

[1] Response at 2-5.
[2] *Compare* Reply at 1-2 (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Lit.*, 681 F. 3d 1323 (Fed. Cir. 2012) sans emphasis on "specific facts"), *with* Response at 2 n.9 (explaining no "specific facts" required to meet notice pleading standard).

1

plausible inference that Apple is liable for the misconduct alleged.[3] Core Wireless's Complaint meets that standard for each claim. And, despite Apple's implicit urgings otherwise, Core Wireless need not prove — or even forecast detailed evidence — of any of its claims at the pleading stage.[4]

### A.   Core Wireless Sufficiently Pleaded Direct Infringement.

After first failing to consider patent-specific precedent, Apple now seeks to rewrite the *Bill of Lading* decision to support its demand for "more facts." In Apple's view, a plaintiff can only look to Form 18 for guidance if the accused product is "the same type of specific product" identified in the title of on asserted patent.[5] That is not the law.[6]

Although Apple repeats that it claims not to have "any notice" concerning Core Wireless's claims, Apple fails to articulate what it desires to know, much less how its desires are consistent with legal requirements. In any event, Apple apparently did not even fully consider the Complaint in view of Apple's objection to the alleged recitation of "iPod touch" models: those products are not even actually accused in this matter or mentioned in the Complaint.[7] Nonetheless, Apple admits that the Complaint specifically identifies "at least fifteen" Apple products (by name) that are accused of infringement.[8] And the asserted patents are attached as

---

[3] Reply at 1-2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).
[4] *SecureNova, LLC v. LG Elecs., Inc.*, No. 2:13-CV-905-JRG-RSP, 2014 U.S. Dist. LEXIS 139514, at *3-4 (E.D. Tex. Sept. 19, 2014) (finding defendant sought court to require plaintiff "to prove its claims at the pleading stage" and denying motion to dismiss all direct and indirect infringement claims); *see also TQP Dev., LLC v. Ticketmaster Entm't, Inc.*, No. 2:09-CV-279-TJW, 2010 U.S. Dist. LEXIS 42117, at *5 (E.D. Tex. Apr. 29, 2010) ("The Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint.").
[5] Reply at 2-3.
[6] *See* discussion and authority cited at Response at 5-8.
[7] *Compare* Apple's Reply at 3, *with* Complaint ¶ 14.
[8] Reply at 3.

exhibits to the Complaint, each of which identifies and discusses various mobile device features and/or functions found in the accused products.[9] A reasonable inference may be drawn from those pleaded facts that Apple is liable for direct infringement.

### B. Core Wireless Sufficiently Pleaded Indirect Infringement.

#### 1. Core Wireless Sufficiently Pleaded Induced Infringement.

Core Wireless's induced infringement claims are also sufficient. Apple appears to concede that the Complaint adequately identifies direct infringers.[10] However, Apple's contention that it matters if the Complaint recites an allegedly broader inducement standard is wrong on its face.[11] The Complaint recites that "Apple knows" that its acts would induce actual infringement.[12] Concerning those acts, the Complaint describes Apple's instructive materials and information for use of the accused products by the identified direct infringers.[13] While Apple suggests that is still not enough, Apple's further assertion that an "accused feature or component" must be identified is contrary to the notice pleading standard.[14] While such

---

[9] *See, e.g.*, Complaint, Ex. 1 (Doc. 1-2) cols. 2-5; Ex. 2 (Doc. 1-3) cols. 2-4; Ex. 3 (Doc. 1-4) col. 2; Ex. 4 (Doc. 1-5) cols. 1-2; Ex. 5 (Doc. 1-6) cols. 1-2; and Ex. 6 (Doc. 1-7) cols. 2-3.
[10] Response at 9. Apple's Reply does not reassert that contention.
[11] Reply at 3.
[12] Complaint ¶¶ 17-18, 26-27, 35-36, 44-45, 53-54, & 62-63.
[13] *See id.* ¶¶ 18, 27, 36, 45, 54, & 63.
[14] Reply at 3-4. As opposed to the Complaint here, the complaint at issue in the *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.* decision that Apple cites consisted of only the following paragraph — devoid of any other relevant facts — asserting both contributory and induced infringement claims:

> Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the [patent], in violation of 35 U.S.C. § 271.

3

identification may be required to *prove* an infringement claim, it is not required to plead one. Indeed, multiple decisions by this Court demonstrate that the Complaint is sufficient.[15]

### 2. Core Wireless Sufficiently Pleaded Contributory Infringement.

Core Wireless's contributory infringement claims also meet the notice pleading standard. Apple's Reply again confuses what is required at the pleading stage with what must be shown to prove liability, citing *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed. Cir. 2005).[16] But, *Cross Medical* addresses what is necessary to prove a contributory infringement claim, not to plead one. Apple's attempt to impose a heightened pleading standard should be rejected, consistent with the precedent in this District.[17]

Core Wireless adequately pleaded the facts supporting its claims, and provided Apple of notice of the basis for each of its infringement claims. Core Wireless need not prove its claims at this juncture, but instead show their plausibility (as Core Wireless has done). The Court should therefore deny Apple's Motion — or, in the alternative, grant leave to amend the pleadings.

---

Complaint, *U.S. Ethernet Innovations LLC v. Cirrus Logic Inc.*, No. 6:12-cv-366 (E.D. Tex.), Doc. 1 ¶ 22 (E.D. Tex.). *Cf.* Core Wireless's Complaint (Doc. 1) ¶¶ 17-21, 26-30, 35-39, 44-48, 53-57, & 62-66.

[15] *SecureNova*, 2014 U.S. Dist. LEXIS 139514; *Mobile Telecomms. Techs., LLC v. Amazon.com, Inc.*, No. 2:13-cv-883-JRG-RSP, 2014 U.S. Dist. LEXIS 138786 (E.D. Tex. Aug. 26, 2014); *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10, 2013); *Cardsoft, LLC v. The Gores Gp., LLC*, No. 2:12-cv-325-JRG-RSP, 2013 U.S. Dist. LEXIS 142493 (E.D. Tex. Sep. 19, 2013).

[16] Reply at 4-5.

[17] *SecureNova*, 2014 U.S. Dist. LEXIS 139514; *Mobile Telecomms.*, 2014 U.S. Dist. LEXIS 138786; *Achates*, 2013 U.S. Dist. LEXIS 27143.

Dated:  December 29, 2014										Respectfully Submitted,

By:     */s/ Henry Bunsow*
Henry Bunsow (California State Bar # 60707)
Brian A.E. Smith (California State Bar # 188147)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  bsmith@bdiplaw.com

Denise M. De Mory (California State Bar #168076)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone:  (650) 351-7248
Facsimile:  (650) 351-7259
Email:  ddemory@bdiplaw.com
Email:  callison@bdiplaw.com

T. John Ward, Jr. (Texas Bar # 00794818)
Wesley Hill (Texas Bar # 24032294)
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@wsfirm.com
Email:  wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

                                                  */s/ Henry C. Bunsow*
                                                  Henry C. Bunsow