# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) |
| **Plaintiff,** | ) ) **CIVIL ACTION NO. 6:14-cv-751-JRG** ) **CIVIL ACTION NO. 6:14-cv-752-JRG** ) |
| **v.** | ) **JURY TRIAL DEMANDED** ) |
| **APPLE INC.,** | ) ) |
| **Defendant.** | ) ) |

**CORE WIRELESS LICENSING S.A.R.L.'S OBJECTION TO OPINION AND ORDER
GRANTING APPLE INC.'S MOTIONS TO TRANSFER VENUE**

## I.      INTRODUCTION

For more than a year, Core Wireless has prosecuted the instant actions against Apple (6:14-cv-751 and 6:14-cv-752) together with two actions against LG (2:14-cv-911 and 2:14-cv-912) involving the same patents.  All four actions were consolidated for purposes of claim construction.  A single technical advisor was appointed, and claim construction has been fully briefed.  Trial in the LG actions is scheduled to begin on March 14, 2016, with trial in the instant actions to follow less than two months later.

Apple waited more than nine months to file its motion to transfer the instant actions to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a).  In his Memorandum Opinion and Order on that motion (6:14-cv-751, Doc. No. 109; 6:14-cv-752, Doc. No. 112) (the "Order"), Magistrate Judge Love recognized a transfer to the NDCA would create the very inefficiencies and risk of inconsistent decisions that § 1404(a) is designed to avoid.  However, because the LG actions had been filed 16 days after the Apple actions, Magistrate Judge Love held that he could not consider the pendency of the LG actions in ruling on the transfer motion, and that Federal Circuit law instead required him to pretend those related actions simply did not exist.  That was clear error.  The law does not require—or even allow—the sequence of filings to trump the realities of judicial economy in ruling on a transfer motion.

Because judicial economy weighs heavily against transfer, and Apple did not make any countervailing showing with respect to the other private and public interest factors, the Order should be set aside under Fed. R. Civ. P. 72 and Apple's transfer motion should be denied.

## II.      ARGUMENT

### A.      Judicial Economy Weighs Heavily Against Transfer

It is well-established that "the existence of multiple lawsuits involving the same issues is *a paramount consideration* when determining whether a transfer is in the interest of justice."  *In*

*re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (emphasis added).  "Where multiple and parallel lawsuits in two different jurisdictions are contemplated, judicial economy weighs heavily in the Court's transfer analysis."  *ComCam Int'l, Inc. v. Mobotix Corp.*, 2014 WL 4229711, at *4 (E.D. Tex. Aug. 26, 2014) (Gilstrap, J.).

The Apple and LG actions involve 10 overlapping patents that have been consolidated for claim construction purposes before Magistrate Judge Payne.  *See* Order at 12.  The claim construction briefing is complete, and the claim construction proceedings share a single technical advisor.  *Id.*  In ruling on Apple's transfer motion, Magistrate Judge Love recognized that transferring the Apple actions to the NDCA would therefore create significant inefficiencies, which have been exacerbated by Apple's more than nine-month delay in filing its motion.  *Id.*  Magistrate Judge Love nevertheless held that because Core Wireless filed the LG actions on September 26, 2014—*i.e.*, 16 days *after* it filed the instant actions against Apple—he should ignore the LG actions and pretend that no inefficiencies would be created by transfer.  *Id.*  That was clear error.

The Federal Circuit has consistently held that other cases involving the same patents can and should be taken into account in ruling on a transfer motion, regardless of whether those cases were filed before or after the action in which transfer is sought.  In *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), the pendency of another suit in the same court involving the same patent and underlying technology provided a "substantial justification" for denying a transfer motion, notwithstanding the fact that the other suit had been filed long after the case in which transfer was sought.  *Id*. at 1346.  Similarly, in *Volkswagen,* the Federal Circuit emphasized the judicial efficiencies inherent in having the case at issue tried in the same court as two other suits involving the same patents, without regard to the fact that those other suits had been filed months after the first.  *Volkswagen*, 566 F.3d at 1351.

2

Magistrate Judge Love apparently believed that *Vistaprint* and *Volkswagen* had been trumped by an unpublished disposition in *In re EMC Corp.*, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013), in which the court stated that "considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer." *Id.* at *2.  He was mistaken.  In the first instance, the disposition in *EMC* was "nonprecedential" (*see* Fed. Cir. R. 32.1) and therefore cannot possibly have effected such a dramatic change in the law.  Moreover, *EMC* did not involve co-pending cases; rather, the question in that case was whether post-filing developments *in the very case that was the subject of the transfer motion* could defeat transfer.  2015 WL 324154, at *2.  The Federal Circuit held that a district court cannot delay ruling on a timely-filed transfer motion and later invoke its familiarity with the case to deny the motion.  *Id.*  Far from undermining *Vistaprint* and *Volkswagen*, *EMC* cited *Vistaprint* for the proposition that "a district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent"—unlike post-filing developments in the suit at issue—"***are*** permissible considerations in ruling on a motion to transfer venue." *Id.* (emphasis added).  Accordingly, Magistrate Judge Love's belief that *EMC* barred him from considering the judicial economy that is achieved by trying the Apple and LG actions in the same court was "contrary to law" under Fed. R. Civ. P. 72.[1]

---

[1] After *EMC*, even some post-filing developments in the suit at issue on a transfer motion can properly be considered in ruling on the motion.  In *RPost Holdings, Inc. v. StrongMail Sys., Inc.*, 2013 WL 4495119 (E.D. Tex. Aug. 19, 2013) (Gilstrap, J.), for instance, the defendant moving to transfer venue argued that the Court should not consider the addition of 27 co-defendants *after* the motion had been filed.  The Court soundly rejected that argument: "The analysis of a motion to transfer, such as this, must remain rooted in the real world which considers the impact of twenty-seven new defendants who are all alleged to practice the same asserted patents via the same accused products.  To do otherwise would be to allow the sequence of events to trump reality." *Id.* at *6; *see also Abstrax, Inc. v. Hewlett-Packard Co.*, 2014 WL 5677834, at *6 (E.D. Tex. Nov. 4, 2014) (Gilstrap, J.) (rejecting argument that *EMC* permits a district court ruling on a transfer motion to consider court congestion only as it existed when the action was filed).

Because the Apple and LG actions involve the same patents, the same technologies, the same technical advisor, and many of the same legal and factual arguments, transferring the Apple actions would bring about the very wastefulness of time, energy, and resources that § 1404(a) was designed to prevent.  Magistrate Judge Love recognized these inefficiencies but then disregarded them based on a clearly erroneous reading of Federal Circuit law.  Because judicial economy is a "paramount" consideration in ruling on a transfer motion, *Vistaprint*, 628 F.3d at 1347, the inefficiencies that would be created by transferring the instant actions to the NDCA weigh heavily against transfer.

### B. Apple Did Not Make a Countervailing Showing With Respect to the Other Private and Public Interest Factors

Apple's showings with respect to the other private and public interest factors do not come close to offsetting the judicial economy that is achieved by trying the Apple and LG actions in the same court:

*Relative Ease of Access to Sources of Proof.*  Apple alleges that most of its evidence is located in the NDCA, along with 15 of its employees.  *See* Order at 10-11.  In contrast, most of Core Wireless's evidence related to the patents at issue is held, and the employees responsible for those patents reside, in and around Plano, Texas. *See id.* at 7-8.  Even assuming a greater amount of evidence is located in the NDCA, Apple has not shown that the disparity is substantial enough to render the NDCA a clearly more convenient forum.  This factor is essentially neutral, and at best for Apple, weighs only slightly in favor of transfer.

*Availability of Compulsory Process.*  Apple identified one potential unwilling individual witness who resides outside of this Court's trial subpoena power, but who *might* be within the trial subpoena power of the NDCA.  *See* Order at 9-10.  Core Wireless identified one potential

unwilling witness who is within the trial subpoena power of this Court but not that of the NDCA. *See id.*  This factor is neutral or weighs slightly against transfer.

*Cost of Attendance for Willing Witnesses.*  Apple argues that a transfer to the NDCA would result in substantially lower travel costs for its employees.  *See* Order at 10-11.  However, a transfer will result in substantially *increased* travel costs for the individuals Core Wireless employs in this District.  *See id.*  In addition, there is one third-party witness for whom the NDCA would be more convenient, and one third-party witness for whom this District would be more convenient.  *See id.*  On balance, transferring the cases would merely redistribute the inconvenience of travel among the parties, and this factor is therefore neutral.

*Administrative Difficulties Flowing From Court Congestion.*  The instant actions are scheduled for trial in this District on May 2, 2016.  If the actions are transferred to the NDCA, trial will likely be substantially delayed.  This factor weighs against transfer.

*Local Interest.*  Apple argues that the NDCA has a local interest in these actions because the accused products were designed and developed there.  *See* Order at 14.  However, this District also has a local interest in light of Core Wireless's business in and around Plano, Texas. *See id.*  This factor is neutral.

*Remaining Public Interest Factors.*  The remaining public interest factors are neutral.

In sum, at most one of the private interest factors weighs slightly in favor of transfer, and all of the other public and private interest factors are either neutral or weigh against transfer. Because judicial economy weighs heavily against transfer and the other relevant factors are in equipoise at best, the transfer motion should be denied.

## III.    CONCLUSION

For the foregoing reasons, the Court should sustain Core Wireless's objection to the Order and enter an order denying Apple's motion to transfer.

Dated: September 14, 2015                    Respectfully submitted,

                                    /s/ Padraic W. Foran by permission T. John Ward, Jr.
                                    Alexander Giza (California SBN 212327)
                                    Padraic W. Foran (California SBN 268278)
                                    HUESTON HENNIGAN LLP
                                    526 West 6th Street, Suite 400
                                    Los Angeles, California 90014
                                    Telephone:  (213) 788-4340
                                    Facsimile:  (888) 775-0898
                                    Email:        agiza@hueston.com
                                    Email:        pforan@hueston.com

                                    T. John Ward, Jr. (Texas Bar # 00794818)
                                    Wesley Hill (Texas Bar # 24032294)
                                    WARD, SMITH & HILL, PLLC
                                    1127 Judson Road, Suite 220
                                    Longview, Texas 75601
                                    Telephone:  (903) 757-6400
                                    Facsimile:  (903) 757-2323
                                    Email:        jw@wsfirm.com
                                    Email:        wh@wsfirm.com

                                    *Attorneys for Plaintiff*
                                    *Core Wireless Licensing S.A.R.L.*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that all counsel of record are being served with a copy of this document via email per Local Rule CV-5(d).

                                    /s/ T. John Ward, Jr.
                                    T. John Ward, Jr.