IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING, S.A.R.L** § § § | | |
| *Plaintiff,* § § | **CIVIL ACTION NO. 6:14-CV-751** | |
| § | **JRG-JDL** | |
| V. § § | **JURY TRIAL DEMANDED** | |
| **APPLE, INC.** § § | | |
| *Defendant.* § § | | |
| **CORE WIRELESS LICENSING, S.A.R.L** § § § | | |
| *Plaintiff,* § § § | **CIVIL ACTION NO. 6:14-CV-752** | |
| § | **JRG-JDL** | |
| V. § § | **JURY TRIAL DEMANDED** | |
| **APPLE, INC.** § § | | |
| *Defendant.* § § | | |

## ORDER ADOPTING MEMORANDUM, OPINION, AND ORDER OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 31, 2015, the Magistrate Judge issued a single Memorandum, Opinion, and Order in both of the above titled actions (6:14-cv-751, Doc. No. 109; 6:14-cv-752, Doc. No. 112) granting Apple, Inc.'s ("Apple") Motions to Transfer. Plaintiff Core Wireless S.a.r.l. ("Core") filed objections to the Magistrate Judge's

1

order in both cases. (6:14-cv-751, Doc. No. 116; 6:14-cv-752, Doc. No. 119.)[1] Apple filed responses to each objection. (6:14-cv-751, Doc. No. 117; 6:14-cv-752, Doc. No. 120.)

Core objects to the Magistrate Judge's Order on the bases that: (1) judicial economy weighs heavily in favor of transfer; and (2) Apple did not make a countervailing showing on the other transfer factors. (Doc. No. 116, at 1-4.) With regard to judicial economy, Core objects to the Magistrate Judge's failure to accord weight to co-pending LG cases (2:14-cv-911 and 2:14-cv-912), involving overlapping patents. (Doc. No. 116, at 2.) Specifically, Core objects to the Magistrate Judge's reliance on and application of *In re EMC Corp.* because *EMC* involved familiarity gained in the same case, not co-pending actions. 2013 WL 324154 (Fed. Cir. Jan. 29, 2013). Core suggests that the Court should find judicial economy to weigh heavily against transfer because this Court gained familiarity by consolidating the co-pending LG and Apple actions for claim construction while both LG and Apple had pending motions to the transfer yet to be ruled on. (Doc. No. 116, at 3.) Given the Federal Circuit's reasoning in *EMC* and its progeny, the Court cannot agree that the Magistrate Judge clearly erred in his weighing of the judicial economy factor.

Even if this Court were to find that judicial economy weighs against transfer, it would not overcome the showing in favor of transfer in this case. As set forth in the Magistrate Judge's Order, he properly considered all private and public interest factors, and found that the location of sources of proof and the costs of willing witnesses weighed in favor of transfer, while the availability of the compulsory process and the local interests weighed slightly in favor of transfer. (Doc. No. 109, at 6-14.) On balance, the Court agrees with the Magistrate Judge that the factors favor transfer.

---

[1] Because the objections filed in both cases are identical, all document references herein shall refer to the 6:14-cv-751 case unless otherwise noted.

The remaining arguments presented were either new arguments not presented in the original briefing, which the Court will not now consider, or those already properly considered by the Magistrate Judge. Therefore, the Court adopts the Order of the United States Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and Apple's Motions to Transfer (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65.) are **GRANTED**.

**So Ordered and Signed on this**

**Oct 22, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE